**Brenda GRAY, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 00–6616.

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

Before KEITH, NORRIS, and MOORE, Circuit Judges.

Brenda Gray, a Kentucky resident represented by counsel, appeals a district court order denying her request for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. 34(a).

In 1994, Gray applied for disability benefits. After exhausting her administrative remedies, Gray sought review of the Commissioner's decision in the district court. The case was referred to a magistrate judge who recommended affirming the Commissioner's decision. The district court rejected the magistrate judge's recommendation concluding that the Commissioner had made a legal error. The district judge remanded the application to the Commissioner for further proceedings. While her first application was being reviewed, Gray filed a second application for benefits and received a favorable decision.

Gray then filed a request for attorney's fees under the EAJA. The Commissioner objected to the request stating that his position was substantially justified, thus prohibiting the award of fees under the EAJA. The district court agreed with the

Commissioner and denied Gray's request for attorney's fees. Gray then requested the district court to alter its decision pursuant to Fed.R.Civ.P. 59(e) which the district court subsequently denied.

In her timely appeal, Gray argues that the Commissioner's position was not substantially justified within the meaning of the EAJA. Therefore, she is entitled to attorney's fees.

This court reviews the district court's decision for an abuse of discretion. *Pierce v. Underwood,* 487 U.S. 552, 559, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *United States v. $515,060.42 in U.S. Currency,* 152 F.3d 491, 506–07 (6th Cir.1998).

The EAJA provides that a court shall award fees and other expenses to a prevailing party, other than the United States, in any civil action brought by or against the United States, unless the court finds that the position of the United States was substantially justified or that special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Eligibility for a fee award in a civil action requires that the claimant be a prevailing party, that the government's position was not "substantially justified," and that no special circumstances made an award unjust. *Commissioner, INS v. Jean,* 496 U.S. 154, 158, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). This court has defined "substantially justified" under the EAJA to mean justified in substance or justified to a degree that could satisfy a reasonable person. A position can be justified even though it is not correct and can be justified if a reasonable person could think it correct, that is, that it has a reasonable basis in law and fact. *United States v. Real Property Located at 2323 Charms Rd.,* 946 F.2d 437, 440 (6th Cir.1991).

The district court found that the Commissioner's position was "substantially justified." A review of the record supports this conclusion. The magistrate judge

agreed with the Commissioner that Gray should be denied benefits. This finding lends credence to the Commissioner's position that a reasonable person could believe that the denial of benefits was correct. Further, the district court did not reverse the Commissioner's decision and award benefits. Rather, the district court remanded the application for further proceedings due to an error of law. This conclusion further supports the Commissioner's argument that his position was justifiable. In light of these facts, the district court's denial of attorney's fees was not an abuse of discretion.

Accordingly, we affirm the district court's order.